GUSTAVE A. FUCHS ET AL., APPELLEES, v. WILLARD E. CHAMBERS ET AL., APPELLANTS.

FILED JUNE 13, 1911.   No. 16,480.

1. **Creditors' Suit.** Where it appears that a judgment creditor has exhausted his legal remedies, a court of equity will aid him in subjecting the interest of an insolvent debtor in a corporation to the satisfaction of his judgment.

2. ———: REVERSAL. The evidence in this case commented upon in the opinion, and *held* not to sustain the judgment of the district court.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Reversed with directions.*

*McCoy & Olmstead,* for appellants.

*Duncan M. Vinsonhaler, contra.*

ROOT, J.

This is an action in equity in aid of an execution to subject Willard E. Chambers' interest in a corporation, the defendant Chambers Academy Company, to the payment of a judgment. The plaintiffs prevailed, and the defendants appeal.

The record discloses that the defendant Chambers and certain of his relatives in 1903 organized a corporation, the defendant Chambers Academy Company, with a capital stock of $30,000, for the purpose, among other things, of constructing and operating a dancing academy in the city of Omaha. Two hundred fifty shares of capital stock of the par value of $100 each were first issued, and subsequently 50 other like shares were issued. The defendant Chambers subscribed for, and there were issued to him, 62 shares of this stock, for which he paid but $360 in cash, and his promissory note, which was subsequently canceled and returned to him. Chambers' wife also secured 62 shares in the same manner. Subsequently 13 additional shares of the stock were issued to Chambers and the same number to his wife. Chambers and his wife had neither capital in excess of $720 nor credit in any amount, so that the corporation borrowed and used in constructing its building $13,500 and secured the debt by mortgages upon its property. It was also compelled to give, and did give, the broker who negotiated these loans its notes for $1,500 secured by like mortgages. The money was borrowed to pay into the corporation's treasury the money due from Mr. and Mrs. Chambers upon their stock. They agreed with the corporation to pay the debts, and to secure their engagement, on the day the stock was issued to them, transferred it to the corporation or to T. C. Shelley for the corporation's benefit. After the corporation's building was completed, Chambers taught dancing therein, and in June, 1904, with his wife, entered into a contract of lease for five years with the corporation for the use of its property, and agreed to pay as rent therefor $4,000 per

annum. In 1905 Chambers was interested in the Lyric theater in Omaha, but the venture proved unprofitable, and out of that transaction the demands against him sought to be enforced by these proceedings were created. In April, 1906, Chambers was in arrears $3,550 in his payments of rent to the corporation, and during that month at a stockholders' meeting agreed to surrender to it all of his stock other than one share in consideration that the corporation release all of its claims against him. The proposition was accepted; the old certificates of stock were canceled, a new one for one share was issued to him, and the remainder of his stock, 74 shares, was issued to another stockholder who assumed his indebtedness to the corporation. In 1907 the plaintiff recovered a judgment against Chambers. One execution was issued and returned "no goods." Another execution was issued, and, as alleged, was levied upon the certificates of stock which had been canceled one year prior thereto. The court held that Chambers' shares of stock were worth $114 a share at the time they were transferred to the company, or a gross sum of $8,436, and exceed in value the amount of his indebtedness to the corporation by $1,722.52. To that extent the transfer was held fraudulent and void, and the corporation was directed to deliver the stock to the sheriff within 20 days to be sold as upon execution to satisfy, first, the plaintiff's demand; second, the demand of an intervening creditor. Some argument is advanced concerning the validity of the levy; but, since the judgment creditor is insolvent, has no property real or personal other than his interest in the corporation which was seized to satisfy his debts, and this is an action in equity, we are of opinion that whatever relief the plaintiff is entitled to may be given in this action. Code, sec. 532.

A consideration of the evidence convinces us that the decree of the district court cannot be sustained. Counsel for the plaintiff concede that the court omitted an item of $750 in favor of the defendants, but we are compelled to go further. The evidence is uncontradicted that Chambers

. paid the corporation but $360 in money for his stock, and that when he settled with it in 1906 he was owing the academy company $3,550 for rent. He also was under obligation to pay it the money borrowed for his benefit in an amount equal to the unpaid purchase price of his stock, plus $750 commission thereon, with at least two years' added interest. The proof is undisputed that that debt with interest amounted to over $8,000 at the time the stock was transferrd, so that, if the stock was worth $114 a share at that time, this indebtedness plus the amount due for rent would more than equal the value of the stock.

The plaintiffs contend that the account between Chambers and the corporation copied from its books discloses a credit in his favor which should be considered, but we are unable to agree with them. There is no element of estoppel in this case. The corporation defendant has at all times had possession or control of Mr. Chambers' stock, and its claims against him are *bona fide*. In our judgment, the evidence will not sustain a finding of fraud with respect to the matters complained of in the petition. The share of stock owned by Willard E. Chambers is not specifically exempt from judicial sale, and should be delivered up to be sold upon execution in satisfaction of the plaintiffs' demand.

The judgment of the district court therefore is reversed and the cause remanded, with directions to modify the judgment so as to subject but the one share of stock of the defendant corporation held by the defendant Chambers to sale for the benefit of the plaintiffs; each party to pay his own costs in this court.

REVERSED.